IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **WILLIAM R. BRANNAN, #14545-078** § § | |
| **VS.** § § | **CIVIL ACTION NO. 4:22cv515** |
| | **CRIMINAL ACTION NO. 4:19cr77(1)** |
| **UNITED STATES OF AMERICA** § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Movant William R. Brannan filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On February 6, 2023, mail that was sent to Movant was returned, marked "Return to Sender - Refused - Unable to Forward" and noted, "Person not found at this facility" (Dkt. #7). It is Movant's responsibility to keep the Court advised of his current address. "A pro se litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address." Local Rule CV-11(d). In an abundance of caution, the Court sent an Order to Movant on March 9, 2023, to provide his current address within fourteen days (Dkt. #8). That Order was also returned to the Court, marked "Return to Sender - Undeliverable as Addressed - Unable to Forward" and "Person not found at this facility" (Dkt. #9). As of today's date, Movant has failed to comply with the Court's Order to provide a current address; accordingly he has failed to prosecute his case. FED. R. CIV. P. 41(b).

A district court may dismiss an action for failure to prosecute or to comply with any order

of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); FED. R. CIV. P. 41(b). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980). In the present case, Plaintiff failed to keep the Court apprised of his current address and he failed to comply with the Court's Order (Dkt. #8). *See Jeffery v. Davis*, No. 3:20-CV-164-C (BH), 2020 WL 2363458, at *1 (N.D. Tex. Apr. 20, 2020) ("This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court[.]"), *report and recommendation adopted*, No. 3:20-CV-164-C-BH, 2020 WL 2343157 (N.D. Tex. May 11, 2020).[1] It is solely Plaintiff's responsibility to keep the Court apprised of his current address; accordingly, the case should be dismissed for failure to prosecute. *See* FED. R. CIV. P. 41(b).

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court recommends that this case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(b). *See* FED. R. CIV. P. 41(b).

---

[1] Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction that should be employed only when the plaintiff's conduct has threatened the integrity of the judicial process in such a way that leaves the court no choice but to deny the plaintiff benefits. *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures prior to dismissing a case with prejudice. *Id.* at 793. In the present case, Plaintiff has failed to provide the Court with his current address. However, Plaintiff.s intentions and actions do not threaten the judicial process, and a dismissal with prejudice is inappropriate.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 31st day of March, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE