UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WILLIAM R. BRANNAN, #14545-078 | § | |
| | § | |
| v. | § | CIVIL NO. 4:22-CV-515 |
| | § | CRIMINAL NO. 4:19-CR-77(1) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

Pro se movant William R. Brannan's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 was dismissed by this Court, and a Final Judgment was entered on April 27, 2023. (Dkt. #12, #13). Subsequently, Brannan filed several postjudgment motions. A review of the case shows that mail sent to Brannan was returned to the Court. On March 31, 2023, after providing an opportunity to Brannan to provide his current mailing address, (Dkt. #8), the United States Magistrate Judge issued a Report and Recommendation, (Dkt. #10), recommending that the case be dismissed without prejudice for failure to prosecute. Brannan's objections were due within fourteen days. After no objections were filed, the Court issued Final Judgment twenty-seven days later, on April 27, 2023. (Dkt. #13). The record shows that mail sent to Brannan was returned three times, (Dkt. #7, #9, #11), before the Court closed the case. It is the prisoner's responsibility to keep the Court advised of his current address. "A pro se litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical

1

address." Local Rule CV-11(d). While Brannan eventually filed a change of address on May 25, 2023, (Dkt. #16), it was twenty-eight days after Final Judgment had issued. The Court notes that Brannan also asked for an extension of time in which to file objections on May 25, 2023, (Dkt. #15), but his case had already been closed at that time; accordingly, the motion is moot.

Second, Brannan filed a motion for appointment of counsel. (Dkt. #18). A criminal defendant has no right to counsel beyond his first direct appeal. *See, e.g.*, *Coleman v. Thompson*, 501 U.S. 722, 756–57 (1991). Furthermore, indigence, alone, does not entitle a movant to appointment of counsel. Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* provides that the presiding judge shall appoint counsel for a petitioner if an evidentiary hearing is required and the petitioner qualifies for appointment under 18 U.S.C. § 3006A(g). As this case is closed, and the Court will not be conducting a hearing, Brannan is not entitled to appointment of counsel.

Finally, Brannan filed a request for permission to appeal, (Dkt. #19), which the Court construes as a motion for certificate of appealability. Brannan must first obtain a certificate of appealability before he may appeal a district court's decision. 28 U.S.C. § 2253(c)(1).

A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a movant's constitutional claims on the merits, the movant "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a habeas petition on procedural grounds without reaching the movant's underlying constitutional claim, a certificate of appealability should issue when the movant shows "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Supreme Court has held that a certificate of appealability is a "jurisdictional prerequisite," and a court of appeals lacks jurisdiction to rule on the merits until a certificate of appealability has been issued. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Brannan's § 2255 motion was dismissed because he failed to prosecute his case. Brannan fails to show that the decision dismissing the motion was wrong or that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. Brannan has not made a substantial showing of the denial of a constitutional right; thus, he is not entitled to a certificate of appealability. Because his case was dismissed without prejudice, he is free to file another § 2255 motion if he wishes, although the Court expresses no opinion as to whether a second § 2255 motion would be timely filed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996.

It is accordingly **ORDERED** that Brannan's motion for an extension of time

to file objections, (Dkt. #15), is **DENIED** as moot. It is further **ORDERED** that Brannan's motion for appointment of counsel, (Dkt. #18), is **DENIED**. Finally, it is **ORDERED** that Brannan's motion that was construed as a motion for certificate of appealability, (Dkt. #19), is **DENIED**. All future motions should be filed with the Clerk of the United States Court of Appeals for the Fifth Circuit.

**So ORDERED and SIGNED this 14th day of June, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE